UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11745-RGS

DIOMARAH ISAAC

v.

EXECUTIVE OFFICE OF HEALTH AND
HUMAN SERVICES and DEPARTMENT
OF DEVELOPMENTAL SERVICES

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

December 11, 2023

STEARNS, D.J.

Diomarah Isaac brings this religious discrimination action against her former employer, the Department of Developmental Services (DDS), and the agency which oversees it, the Executive Office of Health and Human Services (EOHHS).  She asserts that defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a),[1] when they terminated her in the fall of 2021 for failing to comply with their COVID-19 vaccination requirement. Defendants now move for summary judgment.  For the following reasons, the court will allow the motion.

_____

[1] Isaac initially also pled violation of state employment discrimination law, but she subsequently voluntarily dismissed this claim.  *See* Notice of Voluntary Dismissal [Dkt # 18].

## BACKGROUND[2]

In the fall of 2021, Isaac worked as a Human Service Coordinator for DDS developing Individual Service Plans for children with developmental and intellectual disabilities.  An essential component of her work was meeting in-person with her assigned individuals and their families (sometimes in congregate care settings).[3]

On August 19, 2021, Governor Baker signed an executive order mandating that, as a condition of continued employment, all executive department employees provide proof of vaccination by October 17, 2021, subject to limited exemptions.  In compliance with this order, EOHHS established a Vaccination Verification Policy (Policy), under which an employee could request an exemption if (1) they were unable to receive a COVID-19 shot because of a medical condition or a sincerely held religious belief and (2) that inability could be reasonably accommodated.

---

[2] Isaac challenges only two factual assertions within defendants' Statement of Undisputed Material Facts: (1) that the number of COVID-19 deaths in Massachusetts was 18,000 as of August 19, 2021; and (2) that the vaccine is effective in preventing infection with COVID-19.  *See* Pl.'s Statement of Disputed Material Facts [Dkt # 28].  The court accordingly deems as admitted all other factual assertions in defendants' Statement of Undisputed Material Facts.  *See* L.R. 56.1.

[3] Congregate care settings are closed residential environments with three to five residents and five to ten staff members providing round the clock care.

On September 24, 2021, Isaac submitted a request for a religious exemption under the Policy, seeking either to work a hybrid schedule with masking and weekly testing or to work exclusively remotely.  Defendants considered her request and, after determining that either option would substantially burden DDS's operations, denied it on October 22, 2021.  Isaac failed to obtain vaccination in the wake of the denial and was terminated shortly thereafter.

## DISCUSSION

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position."  *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990).  "'[T]he mere existence of a scintilla of evidence' is insufficient to defeat a properly supported motion for summary judgment."  *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 18 (1st Cir. 2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Courts assess religious discrimination claims under Title VII using a two-part framework:

> First, [a] plaintiff must make [her] prima facie case that a bona fide religious practice conflicts with an employment requirement and was the reason for the adverse employment action. [T]he burden then shifts to the employer to show that it offered a reasonable accommodation or, if it did not offer an accommodation, that doing so would have resulted in undue hardship.

*Lowe v. Mills*, 68 F.4th 706, 719 (1st Cir. 2023) (internal quotation marks and citations omitted) (alterations in original).  Here, the court need not decide whether Isaac has made her prima facie case because, even assuming she has, her claim fails at the undue hardship stage.

As the Supreme Court recently clarified in *Groff v. DeJoy*, 600 U.S. 447 (2023), an accommodation poses undue hardship "when [the] burden is substantial in the overall context of an employer's business."  *Id.* at 468.  In determining whether a burden is substantial, a court must consider "all relevant factors in the case at hand, including the particular accommodations at issue, and their practical impact in light of the nature, size and operating cost of [an] employer."  *Id.* at 470-471 (internal quotation marks and citations omitted) (alteration in original).

Defendants proffer evidence that (1) Isaac could not work exclusively remotely because conducting meetings in-person with her assigned individuals was an essential function of her job, and (2) Isaac could not work her proposed hybrid schedule without risking the health and safety of the

individuals assigned to her (some of whom were particularly vulnerable to COVID-19 due to their age or living situation) and imposing "substantial increased costs" on the agency. *Id.* at 470. Isaac does not dispute that, if the vaccine provides protection against infection with COVID-19 such that unvaccinated individuals are at higher risk of transmitting the disease, this evidence suffices to show that accommodating her request would "substantial[ly]" burden the agency's operations.[4] *Id.* at 468; *see also* Pl.'s Opp'n [Dkt # 27] at 10-17. She challenges only the underlying assumption that the vaccine protects against infection.[5] The problem is this: the record is devoid of any evidence from which a reasonable juror could find in her favor.

Isaac first points to the statement from the FDA that the vaccine does not protect against infection with the SARS-CoV-2 virus. But even assuming this statement is not inadmissible as hearsay, *see* Reply [Dkt # 31] at 1, the quote is taken out of context. When the relevant paragraph is read as a

---

[4] This is wise. Courts across the country have found similar evidence sufficient to establish undue hardship. *See, e.g.*, *Conner v. Raver*, 2023 WL 5498728, at *6 (N.D. Cal. Aug. 24, 2023); *Beickert v. New York City Dep't of Educ.*, 2023 WL 6214236, at *5-6 (E.D.N.Y. Sept. 25, 2023).

[5] Although Isaac criticizes defendants' reliance on the testimony of Lawrence Madoff, M.D., throughout this section of her briefing, she does not actually move to strike his declaration or offer any evidence contradicting his testimony on the merits.

whole, it becomes clear that the FDA is merely clarifying that the vaccine is designed to prevent infection with the *disease* caused by the SARS-CoV-2 virus, not infection with the virus itself. *See* Ex. N to Pl.'s Opp'n [Dkt # 27-14] at 12. So understood, the statement affirms rather than casts doubt upon the efficacy of the vaccine in protecting against COVID-19.

The same can be said of the public health statistics. By Isaac's own account, fully vaccinated individuals represent only 65-66% of COVID-19 hospitalizations. *See* Pl.'s Opp'n at 16. Roughly 85% of Massachusetts residents, however, have completed the primary vaccine series. *See* Weekly COVID-19 Vaccination Report, Massachusetts Department of Public Health (Sept. 27, 2023), https://www.mass.gov/doc/weekly-covid-19-vaccination-report-september-27-2023/download. That the hospitalization rate is significantly lower than the vaccination rate does nothing but cut against Isaac's argument on the merits.

As for the sick leave records, the court declines to consider the figures alleged by Isaac given her failure to provide any documentation substantiating them.[6] Isaac cites only to Exhibit E, *see* Pl.'s Opp'n at 14,

---

[6] The court notes, however, that the records do not appear to have any probative value in assessing vaccine efficacy, as the figures appear to include sick leave taken even when the virus was not contracted (*e.g.*, false positives and isolation periods after *possible* exposures). *See Hillstrom v. Best W. TLC Hotel*, 354 F.3d 27, 32 (1st Cir. 2003) (noting that termination statistics were

which addresses hospitalizations in Massachusetts, not DDS sick leave requests, *see* Ex. E to Pl.'s Opp'n [Dkt # 27-5].

## ORDER

For the foregoing reasons, the motion for summary judgment is ALLOWED.  The Clerk shall enter judgment against Isaac on her claim and close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

not probative of discrimination "absent evidence of the characteristics of the universe of employees supervised by" that individual).